E-FILED
Wednesday, 14 August, 2024  09:14:05 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**ROCK ISLAND DIVISION**

| | | |
|---|---|---|
| **BUDDY CULLEN, individually and on behalf of all others similarly situated,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 4:24-cv-4153** |
| **v.** | ) | |
| | ) | |
| **KUNES COUNTRY AUTOMOTIVE MANAGEMENT, INC. d/b/a KUNES AUTO GROUP and KUNES FORD OF EAST MOLINE, INC.,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendants.** | ) | |

## CLASS ACTION COMPLAINT

Plaintiff Buddy Cullen ("Plaintiff"), individually and on behalf of all others similarly situated (the "Class"), by and through his attorneys, brings the following Class Action Complaint against Kunes Country Automotive Management, Inc. d/b/a Kunes Auto Group ("Kunes Auto Group") and Kunes Ford of East Moline, Inc. (collectively "Defendants"), and their subsidiaries and affiliates, to redress and curtail Defendants' unlawful collection, use, storage, and disclosure of Plaintiff's sensitive and proprietary biometric data. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, including investigation conducted by his attorneys.

### NATURE OF THE ACTION

1.      The Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS § 14/1, *et seq.*, addresses the dangers posed by the mishandling of biometric data[1] by providing a right of action

---

[1] BIPA defines biometric identifiers to include retina and iris scans, voiceprints, scans of hand and face geometry, and fingerprints. *See* 740 ILCS § 14/10. Biometric information is separately defined to include any information based on an individual's biometric identifier that is used to identify an individual. *Id.* For

1

to any person who is subjected to a violation of the Act within the State of Illinois. 740 ILCS §
14/20.

2.      As relevant here, private entities that collect, obtain, store, or otherwise possess an
individual's biometric data violate BIPA when they (i) fail to develop, publicly disclose, and
comply with "a retention schedule and guidelines for permanently destroying biometric identifiers
and information" (740 ILCS § 14/15(a)); (ii) obtain biometric data without first providing adequate
written notice and obtaining a written release (740 ILCS § 14/15(b), 14/10); and (iii) share
biometric data without first obtaining the individual's informed consent (740 ILCS § 14/15(d)).

3.      This action seeks to remedy Defendants' illegal practice of disregarding Plaintiff's
and all other similarly-situated individuals' statutorily protected privacy rights in violation of each
of these sections.

4.      Defendant Kunes Auto Group is a Wisconsin corporation based in Delavan,
Wisconsin that operates more than 40 motor vehicle dealerships across the country, including
within Illinois. Kunes Auto Group is within the top 50 largest motor vehicle dealership groups and
top 15 largest RV groups by revenue in the United States.

5.      Defendant Kunes Ford of East Moline, Inc. is one of approximately 22 Kunes Auto
Group dealerships located in Illinois and where Plaintiff worked.

6.      Kunes Auto Group and its dealerships, including Kunes Ford of East Moline, Inc.,
require individuals authorized to access vehicle keys to enroll into biometric key storage system
with hardware and software from Marcon International, Inc. d/b/a KEYper Systems ("KEYper
Systems") using a fingerprint scan. Kunes Auto Group and its dealerships then use the biometric
data to grant users access to vehicle keys secured in the KEYper Systems key cabinet.

_____

ease of reference, "biometric data" and "biometrics" as used herein shall refer to both biometric identifiers
and biometric information.

2

7.      Biometrics are not relegated to esoteric corners of commerce. Many businesses – such as Defendants – have incorporated biometric applications into their workplace in the form of biometric timeclocks or other authenticators and security devices.

8.      Unlike ID badges or passwords – which can be changed or replaced if stolen or compromised – eyes, fingerprints, voiceprints, and face geometry are unique, permanent biometric identifiers associated with each worker. If a security system containing biometric data is hacked, breached, or otherwise exposed, individuals have **_no_** means by which to prevent identity theft, unauthorized tracking or other unlawful or improper use of this highly personal and private information. This exposes Defendants' workers to serious and irreversible privacy risks.

9.      Take, for example, the recent Kronos data breach. Kronos, one of the world's leading providers of biometric timekeeping solutions, succumbed to a ransomware attack in December 2021. The resulting "administrative chaos" suffered by thousands of Kronos' corporate clients extended well into 2022. *See* Becky Sullivan, *Hackers disrupt payroll for thousands of employers — including hospitals*, (Jan. 15, 2022), https://www.npr.org/2022/01/15/1072846933/kronos-hack-lawsuits. And for the eight million workers whose personal data was exposed, it may be years before the true extent of their vulnerabilities come to pass. The system breached – Kronos Private Cloud – hosted Kronos's "Workforce Central," where employee biometric data collected for timekeeping purposes is stored.

10.     Recognizing the need to protect its citizens from situations like these, Illinois enacted BIPA specifically to regulate companies that collect, store and use Illinois citizens' biometrics.

11.     Notwithstanding the clear and unequivocal requirements of the law, Defendants have disregarded Plaintiff's and other similarly-situated workers' statutorily protected privacy

rights and unlawfully collect, store, disseminate, and use Plaintiff's and other similarly-situated

workers' biometric data in violation of BIPA. Specifically, Defendants violated and continue to

violate BIPA by:

a. failing to develop, publish, and adhere to a publicly available retention schedule with guidelines for permanently destroying biometric data, as required by Section 15(a);

b. failing to obtain from Plaintiff and others similarly-situated a written release that notifies them, in writing, that their biometric data was being collected, stored, or otherwise obtained, and specifically why and for how long their biometric data would be collected, stored, and used, as required by Section 15(b); and

c. failing to obtain from Plaintiff ad others similarly situated informed consent before disclosing, redisclosing, or otherwise disseminating their biometrics to timekeeping vendors, payroll vendors, and other private entities, as required by of Section 15(d).

12.     Accordingly, Plaintiff, on behalf of himself as well as the putative Class, seeks an

Order: (1) declaring that Defendants' conduct violates BIPA; (2) requiring Defendants to cease the

unlawful activities discussed herein; and (3) awarding statutory damages to Plaintiff and the

proposed Class.

## PARTIES

13.     Plaintiff Buddy Cullen is a natural person and a citizen of the State of Illinois.

14.     Defendant Kunes Auto Group is a Wisconsin corporation with its principal place

of business located in Delavan, Wisconsin.

15.     Defendant Kunes Ford of East Moline, Inc. is an Illinois corporation with its

principal place of business located in Delavan, Wisconsin.

## JURISDICTION AND VENUE

16.     This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act

of 2005, 28 U.S.C. § 1446(d), because: (i) Defendant Kunes Auto Group is a Wisconsin

corporation with its principal place of business located in Delavan, Wisconsin; (ii) Plaintiff is an

Illinois citizen; (iii) the proposed Class consists of well over 100 persons; and (iv) the aggregate amount in controversy exceeds $5 million.

17.     This Court has personal jurisdiction over Defendants because Defendants conduct business transactions in Illinois and committed the statutory violations alleged herein in the State of Illinois.

18.     Venue is proper in this judicial district because Defendants conduct business transactions in this judicial district and committed the statutory violations alleged herein in this judicial district.

## FACTUAL BACKGROUND

### I.     The Biometric Information Privacy Act

19.     In the early 2000s, major national corporations started using Chicago and other locations in Illinois to test "new applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias." 740 ILCS § 14/5(c). Given its relative infancy, an overwhelming portion of the public became weary of this then-growing yet unregulated technology. *See* 740 ILCS § 14/5.

20.     In late 2007, a biometrics company called Pay by Touch, which provided major retailers throughout the State of Illinois with fingerprint scanners to facilitate consumer transactions, filed for bankruptcy. That bankruptcy was alarming to the Illinois Legislature because suddenly there was a serious risk that millions of fingerprint records – which, like other unique biometric identifiers, can be linked to people's sensitive financial and personal data – could now be sold, distributed, or otherwise shared through the bankruptcy proceedings without adequate protections for Illinois citizens. The bankruptcy also highlighted the fact that most consumers who used the company's fingerprint scanners were completely unaware that the scanners were not

actually transmitting fingerprint data to the retailer who deployed the scanner, but rather to the now-bankrupt company, and that their unique biometric identifiers could now be sold to unknown third parties.

21.     Recognizing the "very serious need [for] protections for the citizens of Illinois when it [came to their] biometric information," Illinois enacted BIPA in 2008. *See* Illinois House Transcript, 2008 Reg. Sess. No. 276; 740 ILCS § 14/5.

22.     BIPA was enacted due to the increasing use of biometric data in financial and security settings, the general public's hesitation to use biometric information, and – most significantly – the unknown ramifications of biometric technology. It does not, however, prohibit the appropriate use of biometric security and screening measures.

23.     BIPA establishes a comprehensive baseline for protecting biometric data by making it unlawful for a company to, among other things, collect, capture, store, share, or otherwise obtain, possess or disclose an individual's biometric data without:

   a. developing, publishing, and adhering to a publicly available retention schedule with guidelines for permanently destroying biometric data;

   b. obtaining a written release from each individual that notifies them, in writing, that their biometric data was being collected, stored, or otherwise obtained, and specifically why and for how long their biometric data would be collected, stored, and used; and

   c. obtaining an individuals informed consent before disclosing, redisclosing, or otherwise disseminating their biometrics to other private entities.

*See* 740 ILCS § 14/15(a), (b), and (d).

24.     BIPA also requires an individual's biometric data to be protected "using the reasonable standard of care within the private entity's industry" or "in a manner that is the same or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information" and prohibits selling, leasing, trading, or otherwise

profiting from a person's biometric identifiers or biometric information. 740 ILCS § 14/15(c) and (e).

25.     To ensure compliance, BIPA provides that, for each violation, individuals may recover $1,000 or actual damages, whichever is greater, for negligent violations and $5,000, or actual damages, whichever is greater, for intentional or reckless violations. 740 ILCS § 14/20.

26.     BIPA protects individuals' right to privacy over their biometrics, the right to know the precise nature for which their biometrics are used, stored, protected, and ultimately destroyed. Unlike other statutes that only create a right of action if there is a qualifying data breach, BIPA strictly regulates the manner in which entities may collect, store, use, and disseminate biometrics, and creates a private right of action for lack of statutory compliance.

27.     Plaintiff, like the Illinois legislature, recognizes how imperative it is to keep biometric information secure. Biometric information, unlike other personal identifiers such as a social security number, cannot be changed or replaced if hacked or stolen.

## II.     Defendants' Biometric Key Storage System

28.     Defendant Kunes Auto Group operates approximately 22 motor vehicle dealerships within Illinois, including Defendant Kunes Ford of East Moline, Inc.

29.     Defendants, at relevant times, implemented, used and maintained a KEYper Systems biometric key storage system that requires authorized users to use their fingerprint as a means of authentication. Authorized users are required to scan their fingerprints to access vehicle keys.

30.     When authorized users enroll their fingerprint data into the KEYper Systems biometric key storage system, Defendants capture, collect, and store the users' fingerprint data to be used as a template with which to compare future fingerprint scans in order to verify the users'

identities.

31.     Defendants again collect authorized users' fingerprint data upon each subsequent fingerprint scan.

32.     Defendants disclose authorized users' fingerprint data to at least one third-party, KEYper Systems, which received, stored, accessed or otherwise processed the biometric data the purpose of providing its services, including the back-up storage of data, and likely other third parties with whom KEYper Systems contracted to host biometric data in their data centers or cloud infrastructure.

**III.    Plaintiff Buddy Cullen's Experience**

33.     Plaintiff Buddy Cullen worked for Defendants from approximately August 2020 through June 2024 the at Kunes Ford of East Moline, Inc. dealership.

34.     Defendants required Plaintiff to enroll into the KEYper Systems biometric key storage system by scanning his fingerprint.

35.     Defendants subsequently stored Plaintiff's fingerprint data in the biometric key storage system and used Plaintiff's fingerprint data as an authentication method to manage his access to vehicle keys.

36.     Defendants required Plaintiff to scan his fingerprint each time he accessed or returned a key to a vehicle.

37.     Defendants did not inform Plaintiff in writing or otherwise of the purpose and length of term for which they collected and stored his fingerprint data.

38.     Defendants did not inform Plaintiff of any biometric data retention policy developed by any Defendant, nor has he ever been informed of whether Defendants will ever permanently delete his biometric data.

39.     Defendants did not obtain a written release from Plaintiff allowing any Defendant to collect, store, use, or disclose his biometric data.

40.     Defendants did not obtain Plaintiff's consent before disclosing or disseminating his biometric data to third parties.

41.     Plaintiff has continuously and repeatedly been exposed to the risks and harmful conditions created by Defendants' multiple violations of BIPA alleged herein.

42.     No amount of time or money can compensate Plaintiff if his biometric data has been compromised by the lax procedures through which Defendants captured, obtained, stored, uses, and disseminated his and other similarly-situated individuals' biometrics. Moreover, Plaintiff would not have provided his biometric data to Defendants if he had known that they would retain such information for an indefinite period of time without his consent.

43.     A showing of actual damages is not necessary in order to state a claim under BIPA. *See Rosenbach v. Six Flags Ent. Corp.*, 2019 IL 123186, ¶ 40 ("[A]n individual need not allege some actual injury or adverse effect, beyond violation of his or her rights under the Act, in order to qualify as an "aggrieved" person and be entitled to seek liquidated damages and injunctive relief pursuant to the Act").

44.     As Plaintiff is not required to allege or prove actual damages in order to state a claim under BIPA, he seeks statutory damages under BIPA as compensation for the injuries caused by Defendants. *Rosenbach*, 2019 IL 123186, ¶ 40.

## CLASS ALLEGATIONS

45.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), Plaintiff brings claims on his own behalf and as a representative of all other similarly-situated individuals to recover statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages

owed under BIPA, 740 ILCS § 14/1, *et seq*.

46.     Plaintiff seeks class certification under Rule 23 for the following class of similarly-situated individuals under BIPA:

> All individuals in the State of Illinois who had their fingerprints collected, captured, received, obtained, maintained, stored or disclosed by Kunes Auto Group during the applicable statutory period.

47.     This action is properly maintained as a class action under Rule 23(a) and Rule 23(b) because:

a.  The Class is so numerous that joinder of all members is impracticable;

b.  There are questions of law or fact common to the Class;

c.  Plaintiff's claims are typical of the claims of the Class;

d.  Plaintiff will fairly and adequately protect the interests of the Class;

e.  Questions of law or fact common to class members predominate over any questions affecting only individual members; and

f.  A class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

### Numerosity

48.     The total number of putative class members exceeds fifty (50) individuals. The exact number of class members can easily be determined from Defendants' payroll records.

### Commonality

49.     There is a well-defined commonality of interest in the substantial questions of law and fact concerning and affecting the Class in that Plaintiff and all members of the Class have been harmed by Defendants' failure to comply with BIPA. The common questions of law and fact include, but are not limited to the following:

a.  Whether Defendants collected, captured, obtained, used, or stored Plaintiff's and the Class's biometric identifiers or biometric information;

b.  Whether Defendants properly informed Plaintiff and the Class of their purpose and length of term for collecting, obtaining, using, storing and disseminating their biometric identifiers or biometric information;

c.  Whether Defendants obtained a written release (as defined in 740 ILCS § 14/10) to collect, obtain, use, store and disseminate Plaintiff's and the Class's biometric identifiers or biometric information;

d.  Whether Defendants have disclosed or redisclosed Plaintiff's and the Class's biometric identifiers or biometric information;

e.  Whether Defendants have sold, leased, traded, or otherwise profited from Plaintiff's and the Class's biometric identifiers or biometric information;

f.  Whether Defendants developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within three years of its last interaction with the individual, whichever occurs first;

g.  Whether Defendants comply with any such written policy (if one exists);

h.  Whether Defendants' violations of BIPA have raised a material risk that Plaintiff's and the putative Class's biometric data will be unlawfully accessed by third parties;

i.  Whether Defendants used Plaintiff's and the Class's fingerprints, or other biometric identifiers or biometric information, to identify them;

j.  Whether the violations of BIPA were committed negligently; and

k.  Whether the violations of BIPA were committed intentionally or recklessly.

50.  Plaintiff anticipates that Defendants will raise defenses that are common to the Class.

### Typicality

51.  The claims asserted by Plaintiff are typical of the class members he seeks to represent. Plaintiff has the same interests and suffers from the same unlawful practices as the class members.

52.  Upon information and belief, there are no other class members who have an interest

11

individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such class member should become known, he or she can "opt out" of this action pursuant to Rule 23.

### Adequacy

53.     Plaintiff will fairly and adequately protect the interests of all members of the Class, and there are no known conflicts of interest between Plaintiff and class members. Plaintiff, moreover, has retained experienced counsel who are competent in the prosecution of complex litigation and who have extensive experience acting as class counsel.

### Predominance and Superiority

54.     The common questions identified above predominate over any individual issues. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member are relatively small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it difficult for individual class members to vindicate their claims.

55.     Additionally, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantially more than if claims are treated as a class action. Prosecution of separate actions by individual class members would create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or

substantially impair or impede the ability of class members to protect their interests. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

### FIRST CAUSE OF ACTION

**Violation of 740 ILCS § 14/15(a): Failure to Institute, Maintain and Adhere to Publicly-Available Retention Schedule**

56.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

57.     BIPA mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention – and, importantly, deletion – policy. Specifically, those companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (at most three years after the company's last interaction with the individual); and (ii) adhere to that retention schedule and actually delete the biometric information. *See* 740 ILCS § 14/15(a).

58.     Defendants fail to comply with these BIPA mandates.

59.     Each Defendant qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

60.     Plaintiff and class members are individuals who have had their "biometric identifiers" collected or obtained by Defendants (in the form of their fingerprints), as explained in detail in Sections II and III, *supra*. *See* 740 ILCS § 14/10.

61.     Plaintiff's and class members' biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

62.     Defendants failed to develop and adhere to a publicly available retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA. *See* 740 ILCS § 14/15(a).

63.     Defendants lack retention schedules and guidelines for permanently destroying

Plaintiff's and class members' biometric data and has not and will not destroy Plaintiff's or class members' biometric data when the initial purpose for collecting or obtaining such data has been satisfied or within three years of the individual's last interaction with the company.

64.     On behalf of himself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendants to comply with BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for Plaintiff and each class member who suffered a willful and/or reckless violation of Section 15(a) pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory damages of $1,000 for Plaintiff and each class member who suffered a negligent violation of Section 15(a) pursuant to 740 ILCS § 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3).

## SECOND CAUSE OF ACTION
**Violation of 740 ILCS § 14/15(b): Failure to Obtain Informed Written Consent and Release Before Obtaining Biometric Identifiers or Information**

65.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

66.     BIPA requires companies to obtain informed written consent from individuals before acquiring their biometric data. Specifically, BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject … in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject … in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information …" 740 ILCS

§ 14/15(b).

67.  Defendants fail to comply with these BIPA mandates.

68.  Each Defendant qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

69.  Plaintiff and class members are individuals who have had their "biometric identifiers" collected or obtained by Defendants (in the form of their fingerprints), as explained in detail in Sections II and III, *supra*. *See* 740 ILCS § 14/10.

70.  Plaintiff's and class members' biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

71.  Defendants systematically and automatically collected, obtained, used and stored Plaintiff's and class members' biometric identifiers and biometric information without first obtaining the written release required by 740 ILCS § 14/15(b)(3).

72.  Defendants did not inform Plaintiff and class members in writing that their biometric identifiers and biometric information were being collected, obtained, stored and used, nor did Defendants inform Plaintiff and class members in writing of the specific purpose and length of term for which their biometric identifiers and biometric information were being collected, obtained, stored and used as required by 740 ILCS § 14/15(b)(1)-(2).

73.  By collecting, storing, and using Plaintiff's and class members' biometric identifiers and biometric information as described herein, Defendants violated Plaintiff's and class members' rights to privacy in their biometric identifiers and biometric information as set forth in BIPA. *See* 740 ILCS § 14/1, *et seq*.

74.  On behalf of himself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendants to comply with BIPA's requirements for the collection, obtainment, storage,

and use of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for Plaintiff and each class member who suffered a willful and/or reckless violation of Section 15(b) pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory damages of $1,000 for Plaintiff and each class member who suffered a negligent violation of Section 15(b) pursuant to 740 ILCS § 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3).

**THIRD CAUSE OF ACTION**
**Violation of 740 ILCS § 14/15(d): Disclosure of Biometric Identifiers and Information Before Obtaining Consent**

75.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

76.     BIPA prohibits private entities from disclosing a person's or customer's biometric identifier or biometric information without first obtaining consent for that disclosure. *See* 740 ILCS § 14/15(d)(1).

77.     Defendants fail to comply with this BIPA mandate.

78.     Each Defendant qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

79.     Plaintiff and class members are individuals who have had their "biometric identifiers" collected or obtained by Defendants (in the form of their fingerprints), as explained in detail in Sections II and III, *supra*. *See* 740 ILCS § 14/10.

80.     Plaintiff's and class members' biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

81.     Defendants systematically and automatically disclosed, redisclosed, or otherwise disseminated Plaintiff's and class members' biometric identifiers and/or biometric information without first obtaining the consent required by 740 ILCS § 14/15(d)(1).

82.     By disclosing, redisclosing, or otherwise disseminating Plaintiff's and class

members' biometric identifiers and/or biometric information as described herein, Defendants violated Plaintiff's and class members' rights to privacy in their biometric identifiers and biometric information as set forth in BIPA. *See* 740 ILCS § 14/1, *et seq.*

83.     On behalf of himself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendants to comply with BIPA's requirements for the disclosure, redisclosure and dissemination of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for Plaintiff and each class member who suffered a willful and/or reckless violation of Section 15(d) pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory damages of $1,000 for Plaintiff and each class member who suffered a willful and/or reckless violation of Section 15(d) pursuant to 740 ILCS § 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3).

### PRAYER FOR RELIEF

Wherefore, Plaintiff Buddy Cullen respectfully requests that this Court enter an Order:

A.     Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff Buddy Cullen as Class Representative, and appointing Stephan Zouras, LLC, as Class Counsel;

B.     Declaring that Defendants' actions, as set forth above, violate BIPA;

C.     Awarding statutory damages of $5,000 to Plaintiff and each class member who suffered an intentional and/or reckless violation of Section 15(a) of BIPA pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory damages of $1,000 to Plaintiff and each class member who suffered a negligent violation of Section 15(a) of BIPA pursuant to 740 ILCS § 14/20(1);

D.     Awarding statutory damages of $5,000 to Plaintiff and each class member who suffered an intentional and/or reckless violation of Section 15(b) of BIPA pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory damages of $1,000 to Plaintiff and each class member who suffered a negligent violation of Section 15(b) of BIPA pursuant to 740 ILCS § 14/20(1);

E.     Awarding statutory damages of $5,000 to Plaintiff and each class member who suffered an intentional and/or reckless violation of Section 15(d) of BIPA pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory damages of $1,000 to Plaintiff and each class member who suffered a negligent violation of Section 15(d) of BIPA pursuant to 740 ILCS § 14/20(1);

F.     Declaring that Defendants' actions, as set forth above, were intentional and/or reckless;

G.     Awarding injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Class, including an Order requiring Defendants to collect, store, use and disclose biometric identifiers and/or biometric information in compliance with BIPA;

H.     Awarding Plaintiff and the Class their reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3);

I.     Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and,

J.     Awarding such other and further relief as equity and justice may require.

**DEMAND FOR A JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury for all issues so triable.

Date:   August 14, 2024                   Respectfully Submitted,

                                          */s/ Teresa M. Becvar*

                                          Ryan F. Stephan
                                          James B. Zouras
                                          Teresa M. Becvar
                                          **STEPHAN ZOURAS, LLC**
                                          222 W. Adams St., Suite 2020
                                          Chicago, Illinois 60606
                                          312.233.1550
                                          312.233.1560 *f*
                                          rstephan@stephanzouras.com
                                          jzouras@stephanzouras.com
                                          tbecvar@stephanzouras.com

                                          **ATTORNEYS FOR PLAINTIFF
                                          AND THE PUTATIVE CLASS**

18

**CERTIFICATE OF SERVICE**

I, the attorney, hereby certify that on August 14, 2024, I filed the attached with the Clerk

of the Court using the electronic filing system which will send such filing to all attorneys of record.

*/s/ Teresa M. Becvar*